[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO STRIKE
This case presents the interesting issue of whether a defendant in a tort action can cause a complaint to be stricken because that defendant claims there is another tortfeasor who is responsible for the damages to the plaintiff, who the plaintiff should have made a party to the tort action?
On June 11, 1991, the plaintiff, Robert A. Simkewicz, filed a one count complaint alleging negligence against the defendants Paul R. Goodin and".Douglas E. Goodin. the plaintiff alleges in his complaint that on June 10, 1989, while riding as a passenger on a motorcycle owned and operated by William P. LaPlant, he was injured when the motorcycle collided with a vehicle owned and operated by Paul R. and Douglas E. Goodin, respectfully. The plaintiff did not name LaPlant as a defendant in this action.
On July 23, 1991, the defendants filed a motion to strike the plaintiff's complaint on the ground that it is legally insufficient because of the absence of a necessary party, LaPlant. The plaintiff's motion was accompanied by a memorandum of law as required by Practice Book 155.
On August 1, 1991, the plaintiff filed an objection to the defendant's motion to strike and memorandum of law, as required by Practice Book 155.
By order entered on August 14, 1991, the defendants' motion to strike was denied by the court Aurigemma, J. without memorandum and absent the parties. Both parties agreed that the matter was supposed to have been marked off on August 14 so that the matter could be argued. Because of that agreement, this court did hear argument on the issue presented.
This court denies the motion because in the words of the court in Biro v. Hill, 214 Conn. 1, 6, 570 A.2d 182 (1991), the "trial court can proceed to decree and do complete and final justice" without the alleged third party tortfeasor being joined in the law suit.
A motion to strike may be used to attack a pleading, "because of the absence of any necessary party." Practice Book, Section 153(3). The gravamen of the defendants' motion is that the other tortfeasor, who was not named as a defendant, is a necessary party within the meaning of the practice book rule. He argues that the Supreme Court in Biro v. Hill, found that a joint tortfeasor was not a necessary party to a law suit because there was no right of contribution among joint tortfeasors at common law. He argues further that because Tort Reform II presents a new concept that each party defendant is only responsible for that parties percentage of negligence, that this CT Page 10469 new concept makes a non-party a necessary and indispensable party on equitable grounds.
This argument presents a siren song of plausibility except it misconstrues the difference between Tort Reform II and the earlier concept of joint and several liability under the common law. Under common law, the plaintiff could decide to sue one of several join tortfeasors and collect 100% from that one tortfeasor. That has not charged substantially under Tort Reform II. The plaintiff can still sue one tortfeasor and collect 100% from that one tortfeasor provided he has not settled or released another tortfeasor Conn. Gen. Stat. Sections 52-572h(c) and (d). The major difference between common law and Tort Reform II is where the plaintiff decides to sue more than one tortfeasor or sue one tortfeasor and settle with others, not the fact situation in the instant case. Those differences do not implicate the fact that Tort Reform II has left the decisional issue to the plaintiff as to whom he sues or settles with.
BARALL, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 10471